UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID SMITHERS,

    Petitioner,

    v.     CASE NO.: 3:18-CV-1033-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

David Smithers, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for conspiracy to commit murder under Case No. 41D02-1110-FC-83. Following a guilty plea, on February 5, 2003, the Johnson Superior Court sentenced him to fifty years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

To start, the court considers whether the petition is timely under Section 2244(d)(1)(A). Because Smithers did not file a petition to transfer on direct appeal, his conviction became final when the time for filing a petition to transfer expired on March 22, 2003. *See* Ind. App. R. 57(C) (appeal must be filed with the Indiana Supreme Court within 45 days of adverse decision if no request for rehearing). The federal limitations period expired one year later on March 22, 2004. Though Smithers pursued post-conviction relief in State court in 2011, these efforts did not restart the federal limitations period, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). As a result, when Smithers filed this habeas petition in December 2018, he was more than fourteen years too late under 2244(d)(1)(A).

2

Smithers argues that the operative provision is Section 2244(d)(1)(B), stating that the State has created an impediment by providing insufficient legal assistance and resources in light of his mental limitations. "[W]hatever constitutes an impediment must prevent a prisoner from filing his petition. *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). "The Seventh Circuit has yet to decide whether an inadequate library is grounds for statutory tolling as a state-created impediment." *Moore v. Battaglia*, 476 F.3d 504, 507 (7th Cir. 2007).

Smithers also argues that his claim of actual innocence excuses the untimely nature of his petition, citing *Schlup v. Delo*, 513 U.S. 298 (1995). According to *Schlup*, "if a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Id.* at 316. *Schlup* applied the actual innocence exception to excuse a successive petition, but the exception has since been extended to excuse timeliness under Section 2244(d). *McQuiggin v. Perkins*, 569 U.S. 383, 394 (2013). The actual innocence exception has also been extended to guilty pleas. *Bousley v. United States*, 523 U.S. 614, 624 (1998). For an actual innocence claim, the petitioner must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015). "[The] evidence must . . . be new in the sense that it was not before the trier of fact. *Arnold v. Dittmann*, 901 F.3d 830, 836–37 (7th Cir. 2018); *see also Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003)

(defining "new evidence" in the context of guilty plea). "The actual innocence standard is a demanding one that permits review only in the extraordinary case." *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014).

Based on the assertion of a State-created impediment and the actual innocence claim, the court cannot conclude that Smithers is foreclosed from obtaining habeas relief at this time. Nevertheless, these claims as pled are too vague for meaningful evaluation. Therefore, before allowing this case to proceed, the court will require Smithers to elaborate on these claims. Specifically, with respect to the State-created impediment claim, Smithers must describe what legal assistance he needed from the State to file a habeas petition, what efforts he made to obtain such legal assistance, and how the inadequate legal assistance has prevented him filing a federal habeas petition since 2003 when his conviction became final.

Similarly, with respect to the actual innocence claim, Smithers must identify the new evidence and explain how it supports the claim that he is actually innocent. He should also explain when and how he discovered the new evidence. If this evidence is already in his possession or is reasonably available to him, he should submit it to the court. However, if he does not have access to the evidence, he should explain how he intends to obtain it, including whether he believes an evidentiary hearing or discovery is necessary.

For these reasons, the court:

(1) ORDERS David Smithers to respond to this order by March 1, 2019; and

(2) CAUTIONS David Smithers that, if he does not respond by this deadline, this case will be dismissed without further notice.

SO ORDERED on February 1, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT